IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK RANDALL DAVIS                                                                                       PLAINTIFF

v.                                            Civil No. 1:24-CV-01048-BAB

LIEUTENANT NICOLE McCALL, Union
County Detention Center

                                                                                                              DEFENDANT

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff Mark Randall Davis, a convicted prisoner serving a sentence at the Union County Detention Center ("UCDC"), initiated the above-captioned civil rights action under 42 U.S.C. § 1983.  *See* (ECF No. 1).  This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP").  (ECF No. 3).  Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation on preservice review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a).  Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

### BACKGROUND

Plaintiff says that between February 4, 2024, to July 11, 2024, Defendant McCall did not answer the intercom in his cell.  Plaintiff also says that when he asked to be moved, he was placed in a "lockdown" pod without justification.  Plaintiff says that he is being punished without cause. Plaintiff sues Defendant McCall in her official and individual capacities.  He requests monetary damages.

**LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), this Court must review a case initiated by a prisoner prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006). Here, this Court views Plaintiff as claiming (1) he experienced unconstitutional conditions of confinement and (2) he was moved to a "lockdown" pod without due process of law. This Court considers each claim, in turn, below.

### A. Conditions of Confinement

Plaintiff asserts that Defendant McCall's failure to answer the intercom constitutes an unconstitutional condition of confinement. (ECF No. 1). This Court disagrees.

As a threshold matter, Plaintiff contends that the conditions at issue here—Defendant McCall not answering the intercom—occurred from February 4, 2024, to July 11, 2024. (ECF No. 1). According to Plaintiff, he was convicted of a criminal offense on February 4, 2024. (ECF No. 1, p. 2). Plaintiff, therefore, was a convicted inmate at the time. As such, this Court considers Plaintiff's conditions of confinement claim under the Eighth Amendment "deliberate indifference" standard. This analysis requires the prisoner to "prove, first, that the conditions challenged were, objectively, sufficiently serious, that is, that they amounted to the denial of the minimal civilized measure of life's necessities, [and] must also prove that the prison official whose actions are challenged had a sufficiently culpable state of mind, that is, the prison official acted or failed to act despite his actual knowledge of a substantial risk of serious harm." *Baker v. Delo*, 38 F.3d 1024, 1027 (8th Cir. 1994) (cleaned up).

Here, Plaintiff's claims begins and ends at the first inquiry: Plaintiff has not established that Defendant McCall's refusal to answer the intercom amounts to "a denial of the minimal civilized measure of life's necessities," particularly where, as here, Plaintiff concedes he suffered no injury and there are no facts suggesting that Defendant McCall's failure to respond to the intercom resulted in the denial (or delay) of medical care, or some other life necessity, such as adequate sanitation, personal hygiene, and laundry privileges. *See Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) ("[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time.").

Even if Plaintiff had been a pretrial detainee and not a convicted inmate at the time, his conditions of confinement claim would nevertheless fail. Under the Fourteenth Amendment, "a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (quoting *Bell*, 441 U.S. at 538). Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Id.* (quoting *Bell*, 441 U.S. at 538-39).

In considering pretrial detainee conditions of confinement claims, moreover, courts view the "totality of the circumstances of [plaintiff's] confinement and not any particular condition in isolation." *Stearns*, 957 F.3d at 909. However, "[n]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.*

Here, Defendant McCall's purported failure to respond to the intercom in his cell is simply *de minimis*. As noted above, Plaintiff concedes he suffered no injury and he asserts no facts suggesting that Defendant McCall's failure to respond to his intercom delayed or denied him access to some other constitutional right, such as access to medical care. Accordingly, whether analyzed under the Eighth Amendment deliberate indifference standard or the under the Fourteenth Amendment, Plaintiff's conditions of confinement claim fails as a matter of law.

**B. Due Process**

This leaves Plaintiff claim that Defendant McCall moved him from general population to a "lockdown pod" for no reason. (ECF No. 1, p. 4). This Court considers this claim as alleging a constitutional due process violation.

"The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving 'any person of life, liberty, or property, without due process of law . . . .'" *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (en banc) (quoting U.S. Const. amend. XIV, § 1). In reviewing a due process claim such as this one, a court first must determine whether the claimant was deprived of a protected life, liberty, or property interest. *Id.* ("The possession of a protected life, liberty, or property interest is a condition precedent' to any due process claim.") (internal quotation omitted). If the court concludes a protected interest is at issue, the court must determine whether the procedures employed were sufficient to safeguard that interest. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974) (setting procedural requirements for prison disciplinary proceedings).

In the prisoner context, it is well established that "[p]risoners have a liberty interest in freedom from conditions of confinement that impose 'atypical and significant hardship' relative to 'ordinary incidents of prison life,'" *Spann v. Lombardi*, 65 F.4th 987, 991-92 (8th Cir. 2023) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). Loss of privileges and temporary placement in more restrictive housing fall short of this standard. *See, e.g.*, *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (punitive isolation was not an atypical and significant deprivation, despite increased restrictions in mail, telephone, visitation, commissary, and personal possession privileges). Here, Plaintiff simply asserts that he was housed in a "lockdown pod." He provides no factual detail asserting what, if any, restrictions he endured while in lockdown (or for

how long). Accordingly, assuming (as Plaintiff has alleged), that he was a convicted inmate at the time, Plaintiff has failed to establish that the conditions he endured in the "lockdown pod" constitute the type of "atypical and significant hardship" necessary to trigger Due Process protections.

Even if Plaintiff had been a pretrial detainee at the time, his due process claim would likewise fail. A pretrial detainee cannot be "punished" without due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"). Yet, again, while Plaintiff describes being transferred to a lockdown pod, he provides no factual detail describing what (if any) restrictions he experienced while placed in this pod. Accordingly, as pleaded, Plaintiff has failed to establish that the conditions he experienced (even if he had been a pretrial detainee) amounted to "punishment" necessary to trigger Due Process protections. Plaintiff's Due Process claim therefore fails as a matter of law.

**B.      Official Capacity Claims**

This leaves Plaintiff's official capacity claims. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (quoting *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006)). "Although there must be an unconstitutional act by a municipal employee before a municipality can be held liable, there need not be a finding that a municipal employee is liable in his or her individual capacity." *Webb v. City of Maplewood*, 889 F.3d 483, 487 (8th Cir. 2018) (internal quotations and citations omitted).

Here, for the reasons described above, Plaintiff has failed to assert a plausible constitutional violation. Plaintiff's official capacity claims, therefore, should similarly be dismissed without prejudice.

### RECOMMENDATION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court hereby recommends that: (1) Plaintiff's Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: no longer referred**

**DATED** this 21st day of August 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE